UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FUSE CHICKEN, LLC, an Ohio Limited Liability Company,<br><br>     Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC. a Delaware corporation, and DOES 1-10,<br><br>     Defendant(s). | Case No.:<br><br>Judge:<br><br>COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF<br><br>1) FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. §1114/Lanham Act § 43(a);<br>2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION OR MISLEADING ADVERTISING 15 U.S.C. § 1125(a);<br>3) COPYRIGHT INFRINGEMENT 17 U.S.C. §§ 101 et seq.;<br>4) UNFAIR AND DECEPTIVE ACTS AND PRACTICES O.R.C. 4165 *et. seq.*<br>5) TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY;<br>6) DECLARATORY RELIEF; AND<br>7) INJUNCTIVE RELIEF.<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Fuse Chicken, LLC ("Plaintiff" and/or "Fuse Chicken") and hereby alleges as follows:

**PARTIES**

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, an Ohio limited liability company, with its principal place of business in Cuyahoga Falls, Ohio.

2. Plaintiff alleges, upon information and belief, that Defendant Amazon.com, Inc. ("Amazon.com" and/or "Defendant") is a Delaware corporation, with its principal place of business in Seattle, Washington.

1

3. Amazon.com conducts business in the jurisdiction of the United States District Court for the Northern District of Ohio by offering and advertising goods for sale in Cuyahoga Falls, Ohio and other areas within this District, through the Internet, that infringe on the registered trademarks of Plaintiff, the registered copyright images and videos owned by Plaintiff and common law copyrighted images and videos owned by Plaintiff.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. DOES 1-10 are third-party sellers on Amazon.com and are selling counterfeit or knock-off Fuse Chicken products. DOES may also be other entities controlled by Amazon.com. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

5. Plaintiff alleges, upon information and belief, that DOES 1-10, inclusive sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with the Amazon.com upon the causes of action hereinafter set forth.

6. Plaintiff alleges, upon information and belief, that at all times mentioned herein, Amazon.com and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## **JURISDICTION / VENUE**

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 U.S.C. § 1051 et seq.); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1338(a) and (b).

8. This Court has subject matter jurisdiction over this matter as Plaintiff and all Defendants are citizens of different States and the amount in controversy exceeds $75,000.00.

9. This Court has personal jurisdiction over all Defendants since Defendants have committed the tortious and illegal activities of trademark infringement and unfair competition in this District, and/or Defendants have sufficient minimum contacts with this District such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have purposefully advertised, offered to sell, have sold and have purposely directed or sent to consumers within and to this District products that infringe the trademarks of Plaintiff, and Defendants have purposefully availed themselves of the laws and privileges of this jurisdiction by entering into contracts for the sale of goods with parties residing in the District, including Plaintiff. Additionally, Defendants have purposefully offered to sell and actually sold counterfeit and/or knock-off products (described more fully below) knowing or having reason to know that consumers throughout the United States, including within this District, would purchase such counterfeit and/or knock-off products from Defendants, believing that they were authentic goods manufactured and distributed by Plaintiff.

10. Additionally, this Court has supplemental jurisdiction over Defendants because, upon information and belief, Defendants conduct business in Ohio and in this District, or have otherwise availed themselves of the privileges and protections of the laws of the State of Ohio, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process. Further, the supplemental claims set forth herein arise from the same case or controversy and same operative facts as the action over which this Court has original jurisdiction.

11. Venue is proper, inter alia, pursuant to 28 U.S.C. Section 1391(b) because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District, and have caused damages to Plaintiff in this District. The infringing [Fuse] Chicken®

products were advertised and purchased in Ohio and Defendants purposefully shipped infringing products into Ohio. Defendants' actions within this District directly interfere with and damage Plaintiff's commercial efforts and endeavors and harm Plaintiff's goodwill within this District. Additionally, Plaintiff conducts a substantial business within this District.

## GENERAL ALLEGATIONS

12. Plaintiff is an award-winning designer and manufacturer of charging cables for smartphones and tablets. Fuse Chicken is widely recognized and highly acclaimed for its creative and innovative solutions, including being the Toughest Cable on Earth®. Plaintiff is one of the leading companies in its industry and has gained recognition and numerous awards for its innovative products and designs.

13. Plaintiff continually strives to discover and develop advanced technologies, coupled with trend-setting designs to meet the voracious needs of the consumer electronics industry.

14. Plaintiff has spent substantial time, money, and effort in developing consumer recognition and awareness of its marks. Through the extensive use of the Plaintiff's trademarks, Plaintiff has built up and developed significant good will in its entire product line. Plaintiff is the exclusive owner of federally registered and Common Law trademarks, (hereinafter "Plaintiff's Marks"), including:

   a. [FUSE] CHICKEN, registration number 4,395,772, registered on September 3, 2013;

   b. BOBINE, registration number 4,810,459, registered on September 8, 2015;

   c. UNE BOBINE, registration number 4,508,324, registered on April 1, 2014;

   d. BOBINE AUTO, registration number 4,810,460, registered on September 8, 2015.

   e. TOUGHEST CABLE ON EARTH, registration number 5,199,196, registered May 9, 2017.

4

15. Plaintiff has registered its [Fuse] Chicken® Mark in the European Union as registration number 013894241, registered on August 3, 2015.

16. Plaintiff has registered its [Fuse] Chicken® Mark in the People's Republic of China as registration number 19338823, registered on April 21, 2017 and currently has other trademarks pending before the China Patent & Trademark Office covering its marks.

17. Plaintiff currently has several trademarks pending before the Intellectual Property Office of the Philippines in the Republic of the Philippines.

18. Plaintiff currently has two trademarks pending before the Korean Intellectual Property Office in the Republic of Korea.

19. Plaintiff registered a book entitled [FUSE]CHICKEN CELEBRATING 5 YEARS: 2012-2017, which is the subject of a valid Certificate of Registration, Registration Number TX 8-278-584, issued by the Register of Copyrights on December 2, 2016.  That registered copyright includes most of Plaintiff's advertising and product images.  Those images are currently used by Plaintiff, Amazon, and third-party sellers of Fuse Chicken product on Amazon.com.  Plaintiff also has several copyright applications pending before the United States Copyright Office for its product packaging.

20. Plaintiff has several patent applications pending in the United States Patent and Trademark Office for its innovative designs, in a further effort to protect the integrity of its Fuse Chicken brand.

21. Plaintiff was issued an Industrial Design Patent, patent number ZL201630527841.8 entitled "FLEXIBLE DOCKING CABLE FOR MOBILE DEVICE," on October 26, 2016 by the State Intellectual Property Office of the People's Republic of China.

22. Fuse Chicken launched in May 2012 as a very successful Kickstarter campaign for one product.  Since then, Fuse Chicken has launched several products and has a comprehensive portfolio of expertly designed and engineered products.

23. Fuse Chicken began selling on Amazon.com in 2013. Currently, Fuse Chicken sells its own products on Amazon.com in three (3) ways:

   a. Defendant Amazon.com purchases Fuse Chicken products directly from Fuse Chicken and sells the products as "ships from and sold by Amazon" through Amazon Vendor Express.

   b. Fuse Chicken uses the "Fulfillment by Amazon (FBA)" whereby Fuse Chicken ships its products to Amazon's fulfillment centers and Amazon picks, packs, ships and provides customer service for the products.

   c. Fuse Chicken sells its products on Amazon.com and ships the orders from Fuse Chicken's distributions center.

24. Upon information and belief, pursuant to Amazon.com's Limited License Agreement, any Amazon.com seller that uploads materials, including product images, videos and text to be used to sell products grants to Amazon.com and its affiliated companies a worldwide, royalty-free license that continues in perpetuity including copyrights and trademarks associated with the materials. Plaintiff uploaded such materials on Amazon.com.

25. Upon information and belief, for every product sold on Amazon.com, Amazon issues an Amazon Standard Identification Number ("ASIN") which may be linked to a product's Universal Product Code ("UPC") or International Standard Book Number ("ISBN"). ASINs are unique blocks of 10 letters and/or numbers that identify specific items.

26. Upon information and belief, Amazon.com has more than twenty (20) categories that are open for selling on Amazon; products in these categories can be listed for sale without specific permission from Amazon or the product manufacturer.

6

27. Fuse Chicken products are sold in the "Electronics (Accessories)" category. That category is generally open to all sellers; while specific products may require pre-approval. Fuse Chicken products do not require pre-approval.

28. For each Fuse Chicken product sold on Amazon.com, Fuse Chicken created new product detail pages and offerings using the Amazon.com "Add a Product" tool or through Amazon Vendor Express.

29. All Fuse Chicken products have UPCs. Upon information and belief, when Fuse Chicken added products on Amazon.com, Amazon.com used Fuse Chicken's UPCs to assign ASINs.

30. Upon information and belief, once Fuse Chicken ASINs were assigned by Amazon.com, any seller purporting to sell Fuse Chicken products, authentic or not, can click "Sell Yours Here" and be listed as a Fuse Chicken seller under the product page created by Fuse Chicken which is populated with Plaintiff's Marks and registered copyrighted materials. Upon information and belief, Amazon makes no effort to determine whether the products sold by such third-party sellers are authentic.

31. Upon information and belief, when Defendant receives inventory for sale and distribution, whether it is shipped to Amazon.com by the manufacturer, or whether Defendant purchases product through Amazon Vendor Express, or whether third party sellers send inventory for Fulfillment by Amazon (FBA), all the inventory is co-mingled in Defendant's distribution centers. All such inventory is pooled together by ASIN, regardless of whether the inventory comes from the manufacturers or other sellers. When a consumer places an order, Amazon.com picks the ordered product from the Amazon distribution center nearest to the consumer.

32. Upon information and belief, Defendant's practice of co-mingling inventory, regardless of source, results in consumers being shipped product that was supplied by an entity other than the seller from which the consumer purchased the product. As a result, a consumer may order

7

product FBA or directly from the manufacturer and Defendant may fulfill that order with counterfeit or knock-off product from third party sellers. This inventory and distribution process results in damage to the brand and consumer dissatisfaction.

33. Upon information and belief, Defendant has co-mingled genuine Fuse Chicken product with counterfeit and/or knock-off products resulting in damage to the Fuse Chicken brand, consumer dissatisfaction and negative consumer reviews on Amazon.com.

34. Beginning in November 2016, Fuse Chicken discovered several counterfeit and knock-off products being sold as genuine Fuse Chicken product under its ASINs. Fuse Chicken immediately contacted Jeremiah Price, its assigned Amazon Business Development Manager, to alert Amazon.com of the counterfeits and knock-offs being sold under Fuse Chicken's ASINs. Mr. Price directed Fuse Chicken to file a complaint at notice@amazon.com. Fuse Chicken did so. Fuse Chicken's complaints were never resolved.

35. After repeated emails to Mr. Price regarding counterfeits and knock-offs, Mr. Price stated that he was unable to assist or explain: (a) why Fuse Chicken's complaints remained unanswered; or (b) why Amazon.com continued to sell, or allow to be sold, counterfeit and knock-off Fuse Chicken product despite actual knowledge of the unlawful activity.

36. Upon information and belief, there are only two (2) avenues for Fuse Chicken to determine whether product sold by such third-party sellers is genuine Fuse Chicken product: (a) Plaintiff must place an order for the suspect product and inspect it when arrives; or (b) Plaintiff must monitor Amazon.com's "Customer Reviews" for hints of counterfeit or knock-off products.

37. Because Amazon co-mingles product from all purported Fuse Chicken sellers, it is impossible, without assistance from Amazon, to determine which seller actually sent counterfeit or knock-off product to the Amazon distribution centers. Upon information and belief, Amazon.com

has the internal capacity to determine which sellers supplied which product to its distribution centers, even if the product is co-mingled.

38. On December 17, 2016, an Amazon.com customer who had purchased a purported Fuse Chicken Bobine Auto iPhone Lightning Car Dock (MFI Certified) (ASIN B00V53FCOU) posted a review of the product in Amazon.com's Customer Reviews. The reviewer gave the product a one star review and stated that the product had "broken in a week" and was of "[r]eally bad quality." The reviewer also posted photos of the product. A true and accurate copy of the review and photos is included in Plaintiff's Cease and Desist Letter, attached hereto as Exhibit 1.

39. Based upon the photos, Fuse Chicken determined that the product was counterfeit. In response, Fuse Chicken replied to the review stating that the product was counterfeit, asked the reviewer to contact Amazon directly to report the counterfeit product, and offered the reviewer a free replacement of genuine Fuse Chicken product.

40. On December 24, 2016, Fuse Chicken sent a copy of the review to Defendant's employee, Mr. Price, told him that the product was counterfeit, and asked him to remove the one-star review. Mr. Price, on behalf of Amazon.com, suggested that Fuse Chicken contact Amazon Vender Express and ask for the removal of the review of counterfeit Fuse Chicken product. Ultimately, Amazon.com took no action and the December 17, 2016 negative review is still posted on Amazon.com and associated with genuine Fuse Chicken product, resulting in damage to Fuse Chicken and its brand.

41. On May 8, 2017, Fuse Chicken placed order number 114-3710947-9469824 for a Fuse Chicken product (ASIN B00HYY8CFK) sold by Amazon Warehouse Deals. Upon information and belief, Amazon Warehouse Deals is a part of Amazon.com that specializes in selling products that have been returned, warehouse-damaged, used or refurbished products that are in good condition, but that do not meet Amazon.com standards for "new" product.

42. The product received by Fuse Chicken pursuant to order number 114-3710947-9469824 was not genuine Fuse Chicken product. The product was a knock-off product labeled as a "Cable Data" product. Neither the packaging or the Cable Data product itself referenced Fuse Chicken. Additionally, the Cable Data product does not have a UPC on the packaging, unlike all Fuse Chicken products. True and accurate photos of the knock-off product are included in Exhibit 1.

43. On or about September 13, 2015, Amazon.com began purchasing Fuse Chicken products through Amazon Vendor Express. Upon information and belief, through Amazon Vendor Express, Amazon.com purchases products directly from the manufacturer and becomes a full-time, official, distributor of the products. Upon information and belief, products purchased by Amazon.com via Amazon Vendor Express are sold through the manufacturer's product page and are labeled as "Ships from and sold by Amazon.com."

44. In the fall of 2016, Defendant stopped purchasing certain Fuse Chicken products through Amazon Vendor Express, yet Fuse Chicken products continued to be "shipped from and sold by Amazon.com."

45. Concerned that Amazon.com was selling counterfeit items, Fuse Chicken notified Amazon.com through Mr. Price that Fuse Chicken believed "that Amazon's own stock may be counterfeit." On November 29, 2016, Mr. Price responded by stating that Amazon.com had purchased purported Fuse Chicken product from a third-party source because the price was much lower than what Fuse Chicken was offering to Amazon.com. Mr. Price later stated that "Amazon should not be ordering product from anyone else directly since [Fuse Chicken is] the direct manufacturer."

46. On December 19 and December 24, 2016, Fuse Chicken again communicated with Mr. Price regarding counterfeit and knock-off listings on Amazon.com and provided Amazon.com with more occurrences of counterfeit products, counterfeit sellers, and negative Customer Reviews

10

resulting from counterfeit product. Fuse Chicken requested that all Fuse Chicken ASINs be closed to any seller other than Fuse Chicken until the authenticity of the products could be verified. Again, Mr. Price directed Fuse Chicken to Amazon Vender Express and told him to file another complaint. Amazon.com took no action in response to Fuse Chicken's complaint.

47. In May 2017, Fuse Chicken received a vendor return of purported Fuse Chicken product from Amazon Vendor Express. The returned product was Cable Data product, not genuine Fuse Chicken product. Upon information and belief, the Cable Data product was knock-off product that Amazon.com directly purchased from a third-party and sold as genuine Fuse Chicken product under Fuse Chicken's ASIN. True and accurate photos of the knock-off vendor return are included in Exhibit 1.

48. In addition to the multiple complaints regarding counterfeit and knock-off product made by Fuse Chicken to Mr. Price, through Amazon Vendor Express, and through Amazon's Report Infringement portal, on May 17, 2017, Fuse Chicken's counsel sent a 10-page cease and desist letter to David Zapolsky, Senior Vice President and General Counsel of Amazon.com. The letter outlined Fuse Chicken's concerns relating to counterfeit and knock-off product. The letter included several verifiable examples of counterfeit and knock-off sales of Fuse Chicken product and requested specific assistance from Amazon.com to address the issues. A true and accurate copy of the Cease and Desist Letter is attached hereto as Exhibit 1.

49. Amazon.com never responded to Plaintiff's letter, resulting in the filing of this action.

## FIRST CAUSE OF ACTION
**(Trademark Infringement 15 U.S.C. §1114/Lanham Act §43(a))**

50. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

51. Defendants' actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a).

52. As a proximate result of Defendants' trademark infringement, Plaintiff has been damaged in an amount exceeding $75,000.00 to be proven at trial.

53. Plaintiff alleges upon information and belief that, as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

54. At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff's Marks in its advertising, knowing Plaintiff's Marks belong to Plaintiff, and that Defendants were not authorized to use Plaintiff's Marks in advertising products other than those manufactured by Fuse Chicken. Plaintiff is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. §1117(a).

55. Defendants' knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

56. Defendants' actions also constitute the use by Defendants of one or more "counterfeit marks" as defined in 15 U.S.C. §1116(d)(1)(B). Plaintiff therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. §1117(c)(1) and/or (2).

57. The acts of direct and/or contributory trademark infringement committed by Defendants have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION
### (False Designation of Origin, False or Misleading Advertising, 15 U.S.C. §1125(a))

58. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

59. Defendants' actions as described herein constitute direct and/or contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to: (a) cause confusion; (b) cause mistake; or (c) deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or to the origin, sponsorship, and/or approval of such goods by Plaintiff.

60. As a proximate result of Defendants' trademark infringement and copyright infringement, Plaintiff has been damaged in an amount exceeding $75,000.00 to be proven at trial.

61. Plaintiff alleges upon information and belief that, as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

62. Defendants' acts of violating, directly and/or contributory, Section 1125 have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

### THIRD CAUSE OF ACTION
### (Copyright Infringement, 17 U.S.C. §§ 101 *et seq.*))

63. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

64. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including by not limited to the copyrighted [FUSE]CHICKEN CELEBRATING 5 YEARS: 2012-2017, which is the subject of a valid Certificate of Registration, Registration Number TX 8-278-584, issued by the Register of Copyrights on December 2, 2016.

65. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with interference to, the rights of Plaintiff.

66. As a result of each of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 505.

67. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff irreparable injury, for which Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all unauthorized copies of the images in [FUSE]CHICKEN CELEBRATING 5 YEARS: 2012-2017.

## FOURTH CAUSE OF ACTION
### (Ohio Deceptive Trade Practices, R.C. 4165 *et seq.*)

68. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

69. Defendants' actions set forth herein constitute continued violations of Ohio's Deceptive Trade Practices Act, specifically, R.C. 4165.02(A)(1), (2), (3), (4), (7), (9), (10).

70. As a proximate result of Defendants' deceptive trade practices, Plaintiff has been damaged in an amount exceeding $75,000.00 to be proven at trial.

71. Plaintiff alleges upon information and belief that, as a proximate result of Defendants' deceptive trade practices, Defendants have unlawfully profited in an amount to be proven at trial.

72. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief pursuant to R.C. 4165.03(A).

73. Defendants have willfully and knowingly engaged in deceptive trade practices in violation of R.C. 4165.02, and therefore Plaintiff is entitled to an award of reasonable attorneys fees pursuant to R.C. 4165.03(B).

## FIFTH CAUSE OF ACTION
### (Tortious Interference with Business Expectancy)

74. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

75. As the developer, manufacturer and seller of genuine Fuse Chicken products, Plaintiff possess a valid business expectancy, to wit: the expectation to sell and profit from Fuse Chicken products without the interference of third parties.

76. As the owner of Plaintiff's Marks and other intellectual property, Plaintiff possesses a valid business expectancy to solely, with the exception of licensees, use such intellectual property for legitimate business purposes.

77. Upon information and belief, Defendants knew or should have known of Plaintiff's valid business expectancies regarding the Fuse Chicken product, Plaintiff's Marks, and Plaintiff's other intellectual property.

78. By knowingly and willingly: (a) buying and selling knock-off and counterfeit products; (b) allowing third-parties to sell knock-off and counterfeit products under Fuse Chicken's ASINs; and (c) unlawfully using and infringing Plaintiff's Marks and other intellectual property, Defendants intentionally interfered with Plaintiff's valid business expectancies.

79. Defendants cannot provide any legitimate justification for their intentional interference with Plaintiff's valid business expectancies.

80. As a proximate result of Defendants' intentional interference with Plaintiff's valid business expectancies, Plaintiff has been damaged in an amount exceeding $75,000.00 to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Fuse Chicken, LLC, hereby respectfully requests the following relief against Defendants, inclusive and each of them as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a).

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15. U.S.C. §1125(c).

3. In the alternative to actual damages and Defendants' profits for the infringement of Plaintiff's trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to final judgment.

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §504 (b).

5. In the alternative to actual damages and Defendants' profits for the infringement of Plaintiff's copyrights, for statutory damages pursuant to 17 U.S.C. §504(c), which election Plaintiff will make prior to final judgment.

6. For an award of Plaintiff's actual damages in an amount to be proven at trial for deceptive trade practices pursuant to R.C. 4165, *et. seq.*

7. Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, affiliates, subsidiaries and related companies, and all persons acting in concern or participation with it, and each of them, from:

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any of Plaintiff's copyrights, intellectual property, Plaintiff's Marks, trade name and/or trade dress including, but not limited to, any of Plaintiff's Marks at issue in this action.

    b. The unauthorized use, in any manner whatsoever, of any of Plaintiff's copyrights, intellectual property, Plaintiff's Marks, trade name and/or trade dress including, but not limited to, the Fuse Chicken Marks at issue in this action, any variants, colorable

16

imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    i. On or in conjunction with any product or service; and

    ii. On or in conjunction with any advertising, promotional materials, labels, hangtags, packaging or containers.

c. The use of any Plaintiff's copyrights, intellectual property, Plaintiff's Marks trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembles, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originate from Fuse Chicken, or that said merchandise has been sponsored, approved, licensed by, or associated with Fuse Chicken or is in some way, connected or affiliated with Fuse Chicken.

d. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants are connected with, or are in some way sponsored by or affiliated with Fuse Chicken, purchases product from or otherwise have a business relationship with Fuse Chicken.

e. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Fuse Chicken.

f. Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers

      bearing any of Plaintiff's Mark or which otherwise refer or relate to Fuse Chicken or any of Plaintiff's Marks.

    g. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any of Plaintiff's Marks or which otherwise refer or relate to Fuse Chicken or any of Plaintiff's Marks.

8. Pursuant to 15 U.S.C. §1116(a), directing Defendants to file with the Court and serve on Fuse Chicken within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form, in which Defendants have complied with the injunction.

9. For an order from the Court requiring Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amounts of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires.

10. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff.

11. Pursuant to 15 U.S.C. §1118 requiring that Defendants and all others acting under Defendants' authority at their cost, be required to deliver up to Fuse Chicken for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of Plaintiff's Marks alone, or in combination with any other word, words, or design.

12. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements engaged in by Defendants, under 15 U.S.C. §l 1 1 7(b).

13. For an award of exemplary or punitive damages in an amount to be determined by the Court.

14. For an award of Plaintiff's reasonable attorney's fees.

15. For all costs of suit.

16. For such other and further relief as the Court may deem just and equitable.

                          Respectfully Submitted,

Dated: July 21, 2017                **ICKES \ HOLT**

_____

Joel A. Holt [#0080047]
James Ickes [#0072892]
217 North Water Street, Suite E
Kent, Ohio 44240
P/F: (330) 673-9500
holt@ickesholt.com
ickes@ickesholt.com
*Attorneys for Plaintiff Fuse Chicken LLC*

Pursuant to F.R.C.P 38(b), Plaintiff hereby demands trial by jury on all issues so triable.

_____

*Attorneys for Plaintiff Fuse Chicken LLC*