IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FUSE CHICKEN LLC, | ) | CASE NO. 5:17CV1538 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| AMAZON.COM, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |

This case is before the undersigned on a discovery dispute. Plaintiff Fuse Chicken LLC ("Plaintiff" or "Fuse Chicken") alleges in its Complaint that Defendant Amazon.com, Inc. ("Defendant" or "Amazon") has engaged in both direct and contributory infringement of Plaintiff's trademarks for charging cables that Plaintiff designs and manufactures and that are sold on Defendant's website.[1] Plaintiff filed a Notice of Request for Local Rule 37.1 Telephone Conference ("Plaintiff's Notice"), asserting that Amazon has improperly limited its responses to Plaintiff's document requests and interrogatories in two respects: (1) by limiting its responses to 11 of 23 "ASINs" (Amazon Standard Identification Numbers) assigned to Plaintiff's products; and (2) by limiting the time period of its responses to 2016 and later.

Having considered the positions and arguments of the parties presented both during a telephone conference with counsel on May 23, 2018, and in their Joint Status Report submitted on June 2, 2018 (Doc. 47),[2] the undersigned finds that Amazon may not limit its responses either as to time period or products in the respects described in Plaintiff's Notice. Specifically, the

---

[1] Plaintiff also alleges claims for false designation of origin, false or misleading advertising; copyright infringement; Ohio deceptive trade practices; and tortious interference with business expectancy. Doc. 1.

[2] During the telephone conference, the undersigned instructed the parties to meet and confer further in an attempt to resolve the dispute. Despite further meet and confer efforts, counsel were unable to resolve their dispute.

undersigned finds that the relevant products are the products sold under the 23 ASINs assigned by Amazon to Plaintiff's products.[3] The relevant time period for each product is the time period following Amazon's assignment of an ASIN to that product, the earliest ASIN having been assigned in 2013 when Plaintiff began selling on Amazon.[4]

**Analysis**

During the telephone conference with counsel, Amazon's counsel based its position on *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93 (2d Cir. 2010). Amazon's counsel contended that, under *Tiffany*, it cannot be held contributorily liable, and therefore should not be required to provide discovery, as to any time period before it received a specific notice of infringement from Plaintiff, an event that did not occur until 2016, nor can it be held liable as to any products beyond the 11 as to which Plaintiff provided such specific notice. Amazon also contends that it cannot be held liable for direct infringement prior to Fall 2016.

Neither *Tiffany*, nor cases citing it, including cases decided in this Circuit, is as limited as Amazon's counsel contends. In *Tiffany*, the Second Circuit noted that contributory trademark infringement "is a judicially created doctrine" and applied a test stated by the Supreme Court in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1982), i.e., whether a service provider accused of contributory infringement "'continues to supply its [service] to one whom it knows or has reason to know is engaging in trademark infringement.'" The Second Circuit held that defendant's general knowledge that trademark infringement was occurring on its website was not sufficient to establish liability. Rather, "[s]ome contemporary knowledge of which

---

[3] The Complaint alleges that, after an ASIN is assigned, parties in addition to the manufacturer may sell products under that ASIN on Amazon.com, i.e., Amazon may sell a product that it purchases from Plaintiff or from others under an ASIN assigned to one of Plaintiff's products. So too may third parties. Plaintiff alleges that infringing and knockoff products have been sold by Amazon and by others using the ASINs assigned to Plaintiff's products. See, e.g., Doc. 1, p. 8, ¶¶33-34.

[4] Plaintiff argues that the discovery responses should include 2012 when Plaintiff launched its business but before it began to sell its products on Amazon.com. The undersigned rejects that argument.

particular listings are infringing or will infringe in the future is necessary." 600 F.3d at 107. Notably, the Second Circuit did <u>not</u> hold that only information provided by the rights holder, as opposed to third parties, will establish the knowledge necessary to impose liability.

The Sixth Circuit has also followed the *Inwood Laboratories* test. In *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505 (6th Cir. 2013), the Sixth Circuit affirmed a district court's grant of summary judgment in favor of the plaintiff rights holder in a case charging the owner and operator of a flea market with contributory trademark infringement based on sales of infringing goods by vendors doing business at the flea market. 717 F.3d at 499-500. Evidence that the defendant knew or should have known of the infringing sales consisted of letters he received from the plaintiff and from a prosecutor as well as by raids of the flea market by law enforcement.

*Coach* does not hold that evidence that a defendant knows or has reason to know that a third party to whom the defendant provides a service is engaging in trademark infringement is limited to information provided by the rights holder. Indeed, the Sixth Circuit's discussion not only of the facts before it but also of other cases is to the contrary.[5] The Sixth Circuit also commented that the same reasoning applied in the flea market cases has been applied by other circuits to internet marketplaces, citing *Tiffany* and *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 165 (4th Cir. 2012)).

---

[5] The Sixth Circuit described *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143 (7th Cir. 1992), as follows: "Although there was no proof that the flea market operator in *Hard Rock Cafe* had actual knowledge its vendors were selling counterfeit products, the court held that knowledge could be established and contributory liability could be imposed if the flea market operator was shown to be 'willfully blind' to ongoing violations." *Coach*, 717 F.3d at 503. The Sixth Circuit concluded that, under *Hard Rock Cafe*, "a flea market operator who deliberately fails to investigate suspected infringing activity by vendors and facilitates ongoing infringement by permitting such vendors to use flea market resources may be subject to contributory liability." *Id. See also ADT Services v. Brady*, 2014 WL 2954722 (W.D.Tenn. June 30, 2013) (business owner personally liable for direct infringement by business where she was aware of numerous customer complaints to the Better Business Bureau).

## Conclusion

Accordingly, the undersigned finds that Amazon may not limit its responses to discovery to the time period following Plaintiff's 2016 notice to Amazon of infringement, nor may it refuse to provide discovery with respect to products sold under some of the 23 ASINS assigned to Plaintiff's products on the basis that Plaintiff did not include all of the ASINs in its notice of infringement. This Order is limited to the questions relating to time period and products raised in Plaintiff's Notice and does not address any other issues, including other issues pertaining to specific discovery requests.

IT IS SO ORDERED.

Dated: June 8, 2018

*/s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge