# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| FUSE CHICKEN, LLC, | ) | CASE NO. 5:17-cv-1538 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| AMAZON.COM, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is an objection to a magistrate judge's discovery order filed by plaintiff Fuse Chicken, LLC pursuant to Fed. R. Civ. P. 72(a). (Doc. No. 78 ["Obj."].) Defendant Amazon.com, Inc. filed a brief in opposition (Doc. No. 81 ["Opp'n"]) and plaintiff filed a reply (Doc. No. 82 ["Reply"]). For the reasons set forth herein, plaintiff's objection is overruled.

## I. STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a), when a magistrate judge hears and determines a non-dispositive pretrial matter and issues a written order, a party may file objections. The district court must consider any timely objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948). A court may not overturn a ruling just because, if it were the original fact-finder, it would have decided the evidence differently.  If there are two plausible views of a matter, then

a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985).

"In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of discretion' standard." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-CV-1195, 2015 WL 7251307, at *1 (N.D. Ohio Nov. 16, 2015). An abuse of discretion occurs when the magistrate judge "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002).

## II. DISCUSSION

This action was brought by Fuse Chicken against Amazon.com, Inc. The complaint is also brought against ten Doe defendants, none of whom have ever been identified. During the Case Management Conference, plaintiff "indicated the possibility of adding parties and the Court advised that such action should be taken promptly as the case management deadlines will not be continued for that purpose, absent a showing of good cause." (Minutes of Proceedings, 12/15/17.) Plaintiff never took any action with respect to adding parties and the deadline for doing so has expired, as has the fact discovery deadline.

Fuse Chicken alleges that it is an award-winning designer and manufacturer of charging cables for smartphones and tablets. (Doc. No. 1, Complaint ["Compl."] ¶ 12.) It claims that it has spent substantial time, money, and effort in developing consumer recognition and awareness of its federally registered and common law trademarks, and that it has built up significant good will in its entire product line. (*Id*. ¶ 14.)

The gravamen of Fuse Chicken's complaint is that defendant Amazon.com, Inc. is selling online certain products that consumers wrongly believe are genuine Fuse Chicken products but, in fact, are counterfeits and/or knock-offs. Fuse Chicken claims that, despite its numerous complaints and requests to Amazon.com, Inc. to remedy this situation, including the cease-and-desist letter attached to the complaint, Amazon.com, Inc. has taken no action. As a result, Fuse Chicken's brand is allegedly being damaged.

On March 27, 2018, following the first of many notices of discovery disputes in this case,[1] the Court referred the matter to the assigned magistrate judge for supervision of discovery, including resolution of all discovery-related disputes. (*See* Doc. No. 32.)[2] The fact discovery cutoff, as extended, was September 7, 2018. Ten days later, pursuant to local rule, each party filed a notice of a discovery dispute, identifying different disputes from each one's perspective. The magistrate judge ultimately issued a Minute Order resolving most of the disputes. (*See* Doc. No. 73.[3]) It is from that order that plaintiff now appeals.

The particular discovery dispute to which Fuse Chicken's objection is directed relates to its belief that it is entitled to discovery with respect to the listing and sales of counterfeit/knock-off Fuse Chicken products on *any and all domains* where Fuse Chicken's 23 ASINs[4] were sold by

---

[1] Over the course of the approximately ten months of fact discovery, there were a total of ten discovery disputes brought to the court, five by plaintiff (Doc. Nos. 43, 49, 53, 60, 71) and five by defendant (Doc. Nos. 31, 37, 63, 67, 72), although one (Doc. No. 37) was withdrawn.

[2] The magistrate judge frequently noted in minute orders that counsel were not engaging in good faith efforts to resolve their discovery issues. Eventually, she had to admonish counsel to attempt to resolve disputes before bringing them to the court, finding their efforts in that regard to be deficient. (*See* Minute Order, Doc. No. 65.)

[3] The magistrate judge directed the parties to meet and confer in an attempt to resolve the remaining disputes, which they were unable to do, resulting in a final Minute Order issued on October 1, 2018. (*See* Doc. No. 76.)

[4] ASINs (Amazon Standard Identification Numbers) are unique blocks of 10 letters and/or numbers assigned by Amazon.com, Inc. to products sold on Amazon.com. (Compl. ¶ 25; Answer ¶ 25.) Plaintiff alleges that, once an ASIN is assigned, any seller purporting to sell Fuse Chicken's products can use that number to list itself as a seller on Fuse

Amazon.com, Inc., including international domains (such as amazon.fr and amazon.co.uk), not only the U.S. domain at www.amazon.com.

Fuse Chicken objects to the magistrate judge's finding that the complaint "does not include allegations that would support the relevance of discovery regarding the international domains[]" and the resulting legal conclusion that defendant "is not required to produce documents related to products sold on all Amazon website domains worldwide." (Obj. at 587, quoting Doc. No. 73, Minutes of Proceedings and Order, at 563.[5])[6]

Resolution of plaintiff's objection requires a *very* close reading of the complaint, which reveals that Fuse Chicken is suing the legal entity, defendant Amazon.com, Inc., for sales of products "through the Internet[.]" (Compl. ¶ 3.) The complaint does not actually identify any specific website where Fuse Chicken's products were sold but, presumably, it was on the website www.amazon.com. (*See, e.g., id.* ¶¶ 23-24.)

Unfortunately, Fuse Chicken drafted its complaint using the common practice of identifying the defendant and then assigning a shorthand moniker for the defendant. Here, Fuse Chicken identifies "Amazon.com, Inc." as the named defendant and then indicates "Amazon.com" as its shorthand. (*Id.* ¶ 2.) This causes confusion, from a notice pleading standpoint. The *legal entity* (Amazon.com, Inc.) is seemingly interchangeable with the arguably offending *website* (www.amazon.com). At some points, the complaint is clearly referencing the *legal entity* (*see, e.g., id.* ¶ 3 ("Amazon.com conducts business in the jurisdiction of . . . the Northern District of Ohio")),

---

Chicken's product page, without any oversight by Amazon.com, Inc. as to the authenticity of the products. (Compl. ¶ 30.)

[5] All page number references are to the page identification number generated by the Court's electronic docketing system.

[6] In its reply, Fuse Chicken appears to belatedly raise two additional objections. (*See* Reply at 779.) This is impermissible. The Court has considered the sole objection raised in Doc. No. 78.

whereas at other points it is clearly referencing the *website* (*see, e.g., id.* ¶ 23 ("Fuse Chicken began

selling on Amazon.com in 2013.")). Amazon.com, Inc. represents that www.amazon.com is

Amazon.com, Inc.'s *U.S.* marketplace, and that it does not encompass any *International*

marketplace, such as amazon.co.uk or amazon.fr.

Fed. R. Civ. P. 26(b)(1) limits the scope of permissible discovery to "nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case[.]" The

appropriate points of reference are, therefore, the claims and defenses set forth in the pleadings.

*Kesterson*, 2018 WL 2129610, at *3 (the requested discovery "must be relevant to one of

[plaintiff's] claims").

Here, plaintiff named one defendant, Amazon.com, Inc. and claimed that that defendant's

actions, including its sales "through the Internet," infringed Fuse Chicken's trademarks and

copyrights by the sale of goods on www.amazon.com – which is the defendant's U.S. marketplace.

Fuse Chicken did not reference sales on the International marketplace websites, such as amazon.fr

or www.amazon.co.uk. Although the complaint names ten Doe defendants, they have never been

identified and/or served; if they are the owners of the international internet domains that plaintiff

now seeks to include in discovery, plaintiff has lost its opportunity due to its own lack of diligence.

Further, plaintiff's reliance upon passing reference to having granted "Amazon.com[, Inc.] and its

affiliated companies a worldwide, royalty-free license" (Compl. ¶ 24) does not open up discovery

as broadly as plaintiff claims, especially where, as here, plaintiff does not allege that the license

agreement was breached.

Further, and importantly, as pointed out by the magistrate judge, Fuse Chicken knew early

on that Amazon.com, Inc. was construing discovery requests as pertaining only to its own U.S.

online marketplace of www.amazon.com, and limiting its responses in that manner. In its

opposition brief, Amazon.com, Inc. points to this limitation in its responses to Fuse Chicken's first set of requests for production ¶¶ 9, 10, and 12. (Opp'n at 770-71.) Amazon.com, Inc. claims that Fuse Chicken has not previously objected to this express and repeated limitation in Amazon.com, Inc.'s discovery responses. It does not appear that these discovery responses are in the record, but plaintiff's reply does not address, much less refute, Amazon.com, Inc.'s assertion in this regard.[7]

Finally, Amazon.com, Inc. claims that, even if this Court overrules Fuse Chicken's objections, Fuse Chicken has also indicated its intention to introduce at trial evidence of infringement of its products on Amazon's international websites, which Amazon.com, Inc. would oppose. While it is difficult to imagine how information that is not properly discoverable would be admitted during a trial in this case, that is a matter for another day—possibly for a motion in limine prior to trial.

Applying the standards of review set forth above, the Court determines that the particular finding and conclusion of the magistrate judge challenged in plaintiff's objections is not clearly erroneous or contrary to law.

### III. CONCLUSION

For the reasons set forth herein, Fuse Chicken's single objection to the magistrate judge's discovery order is overruled.

**IT IS SO ORDERED**.

Dated: January 15, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[7] Local Rule 37.2, dealing with the Form of Discovery Motions, requires the parties to submit "the interrogatory, document request, deposition question or request for admission in full and any response thereto alleged to be evasive or incomplete[.]" For the most part, the parties here have failed to do so, making this Court's review more difficult.