# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FUSE CHICKEN, LLC, | ) | Case No. 5:17-cv-01538-SL |
| | ) | |
| Plaintiff, | ) | Hon. Sara Lioi |
| v. | ) | Hon. Kathleen B. Burke |
| | ) | |
| AMAZON.COM, INC. | ) | **AMAZON.COM, INC.'S MOTION TO** |
| and DOES 1–10, | ) | **EXCLUDE CERTAIN OPINIONS OF** |
| | ) | **PLAINTIFF'S EXPERT ANINDYA GHOSE** |
| Defendant(s). | ) | **AND MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN SUPPORT THEREOF** |

Pursuant to Federal Rule of Evidence 702, Amazon.com, Inc. moves to exclude certain opinions of Fuse Chicken, LLC's expert Anindya Ghose ("Motion"). This Motion is based on the Memorandum of Points and Authorities, the supporting declarations, all pleadings and papers on file in this action, and any other information and argument that the parties may present. Amazon.com, Inc. respectfully requests a hearing on its Motion.

DATED: February 1, 2019

*/s/ Clara J. Shin*
_____

Clara J. Shin (admitted *pro hac vice*)
Nathan E. Shafroth (admitted *pro hac vice*)
Lindsey Barnhart (admitted *pro hac vice*)
David S. Watnick (admitted *pro hac vice*)
COVINGTON & BURLING, LLP

Roger M. Synenberg (#32517)
Clare C. Moran (#81134)
SYNENBERG, COLETTA & MORAN, LLC

*Attorneys for Defendant Amazon.com, Inc.*

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.    INTRODUCTION ........................................................................................................ 1

II.   LEGAL STANDARD.................................................................................................. 3

III.  ARGUMENT ............................................................................................................... 4

   A.   Dr. Ghose's Opinion That Amazon.com Reviews Influence the Purchasing
        Decisions of Consumers *Outside* of the United States Is Not Grounded in
        Fact or Reliable Methods. ................................................................................ 4

   B.   Dr. Ghose Has No Reliable Basis for His Opinion That Negative
        Amazon.com Reviews of Fuse Chicken Products Caused Any and All
        Fuse Chicken Sales to Decline........................................................................ 7

       1.   Dr. Ghose's opinion that negative Amazon.com reviews caused all
            of Fuse Chicken's lost sales rests on circular reasoning............................ 8

       2.   Dr. Ghose's opinion that negative Amazon.com reviews caused all
            of Fuse Chicken's lost sales is unreliable because Dr. Ghose did
            not attempt to measure this causal effect for ███ of Fuse
            Chicken's products......................................................................................... 9

       3.   Dr. Ghose failed to consider other causes of Fuse Chicken's
            declining star ratings and business failures............................................... 9

IV.   CONCLUSION........................................................................................................... 13

i

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Fuse Chicken, a small company that in its seven-year history has never exceeded ███████ in annual net profits, claims nearly ████████ in lost profits in this litigation.  As detailed in Amazon's concurrently-filed Motion for Summary Judgment, Fuse Chicken's lost profits calculation rests on four necessary and interrelated causal assumptions for which there is no evidence: that (1) a "rash" of counterfeit and knock-off Fuse Chicken products appeared on www.amazon.com, Amazon's *United States* marketplace, in late 2016; (2) consumers purchased those allegedly inauthentic products from Amazon.com; (3) those consumers of allegedly inauthentic Fuse Chicken products left negative reviews on Amazon.com; and (4) Fuse Chicken's customers—over ████████████████████████ ███████████████████████████████████████—read those (English-language) negative reviews *on Amazon.com* and decided not to purchase Fuse Chicken products.  *See* Amazon's Motion for Summary Judgment at 26-27.

In lieu of evidence, Fuse Chicken's damages claim hangs by the thread of the unsubstantiated opinions of its expert, Dr. Anindya Ghose, that Fuse Chicken lost profits *because of* negative customer reviews of Fuse Chicken products posted on Amazon.com.  Amazon moves at this time to exclude two specific opinions from Dr. Ghose that are neither reliable nor supported by data, methodology, or testing: (1) that customers from *outside the United States* declined to purchase Fuse Chicken products in foreign countries because they had read English-language reviews posted on *Amazon.com*, Amazon's United States marketplace; and (2) that *any and all* of Fuse Chicken's lost profits *must* have been caused by negative reviews on Amazon.com.  Fuse Chicken should not be permitted to prop up its unsubstantiated theory of damages causation with Dr. Ghose's unreliable opinions.

*First*, Dr. Ghose's opinion that non-Amazon.com customers from *outside the United States* declined to purchase Fuse Chicken products in foreign countries—because they had

1

supposedly read English-language reviews posted on Amazon's United States online marketplace—lacks both evidentiary and analytical support.  Yet this is the opinion on which the ████████████████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████.  Though Dr. Ghose asserts that ██████████████████████████████████████████████████████████ █████████████████████████████████████████" Dkt. 99 (Ghose Exp. Rpt.) ¶ 17, Dr. Ghose does not cite a single authority that even suggests that shoppers from one country rely on online reviews from customers in other countries when determining whether to make any kind of purchase.  Instead, Dr. Ghose speculates that this phenomenon *might* exist because █████████████████████████████████████████████████████ ██████████████████████████████████.  *Id.* ¶ 53.  Dr. Ghose's conjecture is not "based upon sufficient facts or data" or "the product of reliable principles and methods," and should be excluded.

Second, Dr. Ghose's opinion that any and all of Fuse Chicken's purported lost profits were *caused by* negative Amazon.com reviews of Fuse Chicken products has no basis beyond Dr. Ghose's *ipse dixit*.  Dr. Ghose merely ████████████████████████████████████ ██████████████████████████████████████████████████████████ ███████  *See id.* ¶¶ 77-89.  Without doing anything to determine whether the declines were directly connected, Dr. Ghose claims to have demonstrated "████████████" that declining ratings *caused* declining sales.  Declaration of Lindsey Barnhart in Support of Amazon's Motion to Exclude Certain Opinions of Plaintiff's Expert Anindya Ghose ("Barnhart Decl.") Ex. A (Ghose Dep. Tr.) 135:11-14.  Conclusions which rest on nothing but an expert's say-so do not qualify as expert opinions and must be excluded.  *Rover Pipeline, LLC v. 10.55 Acres of Land*, 2018 WL 4386024, *3 (N.D. Ohio Sept. 14, 2018).  Worse, Dr. Ghose's conclusions are based on a review of only ████████ Fuse Chicken products sold on Amazon.com.  *See* Dkt. 99 (Ghose

2

Exp. Rpt.) Exs. 2A-2L.  Dr. Ghose's omission of ████████████████████████████ ████████████ renders his conclusions worthless.  But Dr. Ghose's errors do not end there. He also failed to consider any *other* possible causes of the purported declines in Fuse Chicken's star ratings and sales.  Dr. Ghose's opinion should therefore be struck for its unreliability.  *See Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012) ("*Newell II*") ("Red flags that caution against certifying an expert include . . . failure to consider other possible causes[.]").

Fuse Chicken should not be permitted to present wholly unsubstantiated speculation to the jury as "expert" opinion.  Accordingly, Amazon moves to exclude the specific opinions of Dr. Ghose described below.

## II.    LEGAL STANDARD

A party may present expert opinion testimony only if (1) the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "the testimony is based upon sufficient facts or data"; (3) "the testimony is the product of reliable principles and methods"; and (4) the expert "has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.  It is Fuse Chicken's "burden to establish by a preponderance of evidence that [Dr. Ghose's] theories are reliable and adequately supported by sound technical data, methodology and testing."  *Newell Rubbermaid, Inc. v. Raymond Corp.*, 2010 WL 2643417, at *4 (N.D. Ohio July 1, 2010).

Courts act as "gatekeepers" to ensure that all evidence admitted is "not only relevant, but reliable."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).  This "'gatekeeper' doctrine was designed to protect juries" given the higher probative weight typically assigned to experts.  *Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004); *see also Schwab v. Philip Morris USA, Inc.*, 2005 WL 2401647, at *2 (E.D.N.Y. Sept. 29, 2005) ("[T]he court must satisfy itself that a reasonably rational person could rely upon and assign appropriate probative force to the expert's opinion without being unduly influenced by the *ipse dixit* of a

credentialed specialist."). Courts assess reliability by determining "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 600.

## III. ARGUMENT

### A. Dr. Ghose's Opinion That Amazon.com Reviews Influence the Purchasing Decisions of Consumers *Outside* of the United States Is Not Grounded in Fact or Reliable Methods.

██████████████████████████████████████████████████████████

██████████████████████████████████████, Fuse Chicken's sole basis for arguing that Amazon caused those alleged losses is a single paragraph in Dr. Ghose's 104-paragraph report, in which he posits that "████████████████████████████████████████████ ████████████████" Dkt. 99 (Ghose Exp. Rpt.) ¶ 53. Dr. Ghose offers no reliable authority or facts in support of this assertion, and offers no opinion anywhere in the other 103 paragraphs of his report that United States customer reviews have any effect on non-United States sales.

Dr. Ghose does not cite to *any* scientific studies, surveys, or articles in support of the opinion he expresses in paragraph 53 of his report. *See id.* Instead, Dr. Ghose speculates that potential purchasers of Fuse Chicken products outside the United States *might* access English-language reviews of those products on Amazon.com because ████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████████████ *Id.* (emphases added).[1] The jury should not be permitted to evaluate a ███████ claim based on such speculation.

---

[1] Dr. Ghose also contends that ███████████████████████████████████████████████ ███████████████████████████████████" Dkt. 99 (Ghose Exp. Rpt.) ¶ 53. But Dr. Ghose does not contend that any Fuse Chicken listing on any non-United States website includes "████████████████████████████," *id.*, and, in any case, content that appears directly on Amazon websites other than www.amazon.com is not part of this case, *see* Dkt. 87.

4

Dr. Ghose's mere identification of a theoretical possibility that non-United States shoppers *could access* Amazon.com customer reviews is *not* a reliable basis from which he may conclude that prospective Fuse Chicken customers outside the United States *do access* those reviews, and *are dissuaded on that basis* from purchasing Fuse Chicken products.  Dr. Ghose does not provide any basis for an opinion that, for example, a customer shopping in a physical electronics store in the Philippines will visit *Amazon.com*, the United States marketplace, to read English-language product reviews before making his or her purchase decision—much less that this Filipino shopper's review of those English-language customer reviews will override every other purchase consideration (such as reviews from Filipino consumers, or the experience of seeing the actual physical product in the store) and result in a decision not to purchase the product.

In fact, Dr. Ghose did not conduct any investigation of the purchase decision-making processes of actual Fuse Chicken customers, whether in the United States or anywhere else in the world, offline or online.  Barnhart Decl. Ex. A (Ghose Dep. Tr.) 133:18-134:11.  Nor did Dr. Ghose speak to any of Fuse Chicken's distributor or retailer customers to determine whether Amazon.com reviews affected their purchasing decisions.  *Id.* 200:5-22.  In the absence of any reliable basis for his speculation, Dr. Ghose should not be permitted to present to the jury as an "expert opinion" the theory that Fuse Chicken lost non-United States sales because negative English-language reviews were posted on Amazon's United States marketplace at Amazon.com. *See, e.g.*, *Rover Pipeline*, 2018 WL 4386024 at *9 ("Expert testimony may not be based on mere speculation, and assumptions must be supported by evidence in the record.").

Nor does Dr. Ghose provide any basis for an opinion that customers shopping for Fuse Chicken products on non-United States Amazon websites ever navigate from those websites to the reviews section of the United States website at Amazon.com.  Dr. Ghose speculated at his deposition that " ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████.″  Barnhart Decl. Ex. A (Ghose Dep. Tr.) 137:4-9.  But Dr. Ghose

admitted that ███████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

██████████████████████████████████  Nor does Dr. Ghose's speculation about

Amazon's motivations change the fact that there is no evidence that any prospective Fuse

Chicken customer *actually* clicked a link on any of Amazon's international marketplaces to view

Amazon.com reviews, or that any such customer relied on Amazon.com ratings or reviews in

deciding not to purchase Fuse Chicken products.  Dr. Ghose's opinion thus lacks any basis in

"sufficient facts" or "reliable principles and methods."  Fed. R. Evid. 702.

Finally, though Dr. Ghose does not purport to link his opinion in paragraph 53 to any of

the literature he cites elsewhere in his report, that literature does not provide any reliable basis

for his paragraph-53 opinion in any event.  Nearly every study and article Dr. Ghose cites in

support of his general opinion that some shoppers consider online customer reviews as part of

their purchase-decision process studied and reported on *American* shoppers only.  *See, e.g.*,

Barnhart Decl. Ex. A (Ghose Dep. Tr.) 81:24-85:7; *id.* 139:13-140:4.  Dr. Ghose provides no

basis to apply studies about an American consumer phenomenon to non-American consumers;

indeed, Dr. Ghose admitted that ████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████″  *Id.* 123:25-124:11.  While Dr. Ghose cites to one KPMG consumer report ███████

█████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████  *Id.* 143:7-

145:9.[2]  Dr. Ghose has no reliable basis for *that* opinion, much less for an opinion that this

baseless theory applies to prospective foreign customers of Fuse Chicken products specifically.

---

[2] Dr. Ghose also admitted that ███████████████████████████████████████████████.
Barnhart Decl. Ex. A (Ghose Dep. Tr.) 144:11-145:9.

The Court should therefore strike paragraph 53 and Exhibit 1 of Dr. Ghose's report and preclude Dr. Ghose from opining at trial that Amazon.com reviews influence the purchasing decisions of consumers outside of the United States.  The Court should likewise strike paragraphs 17, 18, 50, 60, and 66, insofar as the opinions expressed in those paragraphs encompass the influence of Amazon.com reviews on prospective Fuse Chicken customers outside of the United States.[3]

### B. Dr. Ghose Has No Reliable Basis for His Opinion That Negative Amazon.com Reviews of Fuse Chicken Products Caused Any and All Fuse Chicken Sales to Decline.

The bulk of Dr. Ghose's expert report discusses the general purported phenomenon of online customer reviews affecting consumers' product purchasing decisions.  But Dr. Ghose's assertion that this general phenomenon applied "███████████" to this case—and that negative Amazon.com ratings of certain Fuse Chicken products caused Fuse Chicken to lose sales of *all* of its products, Barnhart Decl. Ex. 1 (Ghose Dep. Tr.) 135:11-14—is supported "only by the *ipse dixit*" of Dr. Ghose and should be excluded.  *Rover Pipeline*, 2018 WL 4386024 at *3.  Notably, in purporting to discern whether Fuse Chicken lost sales due to Amazon.com reviews, Dr. Ghose omitted nearly ████ of the Fuse Chicken products sold on Amazon.com from his analysis.  In other words, Dr. Ghose's conclusions are based on an incomplete dataset.  In addition, Dr. Ghose's opinion should be excluded on the separate ground that he "fail[ed] to consider" other possible causes of the purported declines in Fuse Chicken's star ratings and sales, rendering his opinion unreliable.  *Newell II*, 676 F.3d at 527.

---

[3] These paragraphs consist of opinions that Amazon.com customer reviews influence the purchasing decisions of consumers generally and of Fuse Chicken consumers specifically. While these paragraphs do not, on their face, purport to express any opinion about consumers outside of the United States, ███████████████████████████████████████████████ ███████████████.  Accordingly Dr. Ghose should be precluded from testifying to the general statements in these paragraphs without limiting their scope to United States consumers only.

**1.** **Dr. Ghose's opinion that negative Amazon.com reviews caused all of Fuse Chicken's lost sales rests on circular reasoning.**

Dr. Ghose rests his opinion—that a decline in Amazon.com customer ratings for Fuse Chicken products led to a decline in Fuse Chicken product sales—on the circular reasoning that ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████."  Barnhart Decl. Ex. A (Ghose Dep. Tr.) 58:4-13 (emphasis added).  Dr. Ghose's reasoning is as unfounded as it sounds.

Dr. Ghose did *nothing* to test whether any purported decline in Amazon.com customer ratings bore a direct relationship (much less a *causal* relationship) to a purported decline in Fuse Chicken product sales.  He merely calculated that ███████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████, *compare* Dkt. 99 (Ghose Exp. Rpt.) ¶ 86 & n.159, *with id.* ¶ 78, Dr. Ghose declared that he had "██████████████████████████████████████████ ████████████████████████████████.  Barnhart Decl. Ex. A (Ghose Dep. Tr.) 135:11-19.  In other words, the only thing that links Dr. Ghose's conclusion that Amazon.com customer ratings declined to his separate conclusion that Fuse Chicken sales declined is Dr. Ghose's *ipse dixit* that the former caused the latter.  Because an expert's *ipse dixit* is not a sufficient or reliable basis for expert opinion, the Court should preclude Dr. Ghose from testifying that a decline in Amazon.com customer ratings led to a decline in Fuse Chicken product sales.  *Rover Pipeline*, 2018 WL 4386024 at *3 (granting motion to exclude expert testimony).

8

2.    **Dr. Ghose's opinion that negative Amazon.com reviews caused all of Fuse Chicken's lost sales is unreliable because Dr. Ghose did not attempt to measure this causal effect for ███ of Fuse Chicken's products.**

Dr. Ghose did not even *attempt* to calculate whether star ratings and sales declined for ██ ██████████████████████████████████████████████—sold on Amazon.com.  *See* Dkt. 99 (Ghose Exp. Rpt.) Exs. 2A-2L (analyzing ratings and sales declines for ██████████ Fuse Chicken products sold on Amazon.com).  Indeed, he admitted that he was "██████████ ███████████████████████████████████████████ ████████████.  Barnhart Decl. Ex. A (Ghose Dep. Tr.) 302:23-303:14; *see id.* 64:21-24 (admitting that he "███████████████████████████████████████████ ████████████████████████████]").  Nor did Dr. Ghose attempt an analysis of any *overall* decline in Fuse Chicken star ratings or product sales.  The "evidentiary gap" between the results of Dr. Ghose's analysis and his opinion that negative Amazon.com reviews caused *all Fuse Chicken products* to decline in sales is far too great, and so his opinion should be excluded.  *Infocision Mgmt. Corp. v. Foundation for Moral Law, Inc.*, 2010 WL 750141, at *6 (N.D. Ohio Mar. 1, 2010).

3.    **Dr. Ghose failed to consider other causes of Fuse Chicken's declining star ratings and business failures.**

Dr. Ghose's opinion that the appearance of "█████████████████" on Amazon.com caused Fuse Chicken's ratings and sales to decrease, Dkt. 99 (Ghose Exp. Rpt.) ¶ 94, suffers from one of the "[r]ed flags that caution against certifying an expert" identified by the Sixth Circuit: "failure to consider other possible causes."  *Newell II*, 676 F.3d at 527; *see also Universal Coin & Bullion, Ltd v. Fed. Express Corp.*, 2015 WL 12001264, at *10, 12 (W.D. Tenn. June 30, 2015) (finding expert's failure to "test any other explanations for [the plaintiff's] drop in revenues" was "fatal to the reliability of his methodology").

Though the evidentiary record is replete with obvious alternative explanations for Fuse Chicken's business failures, Dr. Ghose did nothing to rule them out.  For example, Fuse Chicken's Chief Financial Officer, Chris Fawcett, testified that competitor products entered the

marketplace in late 2016 and early 2017, and other Fuse Chicken executives identified numerous well-known (and well-capitalized) companies with which Fuse Chicken purportedly competes. Barnhart Decl. Ex. B (C. Fawcett Dep. Tr.) 228:6-232:4 ( ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ ); *id.* Ex. C (Fuse Chicken 30(b)(6) Dep. Tr.) 247:8-22 ( ████████████████████████████████████████ ); *id.* Ex. D (A. Marshall Dep. Tr.) 232:7-233:7 ( ████████████████████████

████████████████████████████████████████████████████

████████████████████████████ ").

    Though Dr. Ghose admitted that " ████████████████████████

████████████ " was a potential confounding factor for which he should have controlled, Barnhart Decl. Ex. A (Ghose Dep. Tr.) 275:3-277:11, he further admitted that his expert report contains no "mention" of any attempt to control for that factor:



*Id.* 280:4-20.  Dr. Ghose's admitted failure to account for evidence of new competition is reason alone to exclude his testimony regarding causation. *See Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1022, 1030 (D. Kans. 2006) (excluding testimony when expert failed to rule out "undisputed evidence regarding increased competition from Chinese manufacturers").  Similarly, though Dr. Ghose testified that ████████████████████

████████████ constituted a potential reason for Fuse Chicken's sales and ratings declines for which he should have controlled, Barnhart Decl. Ex. A (Ghose Dep. Tr.) 275:3-277:11, he

admitted that his expert report contains no "mention" of any attempt to control for that factor: "█

████████████████████████████████████," *id.* 280:21-281:8.

Nor did Dr. Ghose control for the impact on sales of Fuse Chicken's CEO Jon Fawcett's inattention to sales development during the relevant time period. It is undisputed that beginning in late 2016 Mr. Fawcett began diverting a substantial amount of his time to investigating suspected infringement across a variety of marketplaces. By August 2018, despite retaining a national law firm as outside counsel, Mr. Fawcett testified that he was spending 90% of each workday managing this litigation alone, rather than dedicating his time to growing his business. Barnhart Decl. Ex. C (Fuse Chicken 30(b)(6) Dep. Tr.) 95:18-98:18; *see Sunlight Saunas, Inc.*, 427 F. Supp. 2d at 1031 (excluding testimony when expert failed to "consider whether (or how) [the plaintiff's CEO's] absence affected sales."). The list of other obvious causes of Fuse Chicken's business failures goes on: natural product lifecycles, which lead to declining sales over time; "cannibalization" of product sales by updated or new Fuse Chicken products; and changing market conditions, such as the advent of new wireless charging technology. Dr. Ghose's analysis does not "account adequately" for any of them. *See In re Rezulin Product Liability Litig.*, 369 F. Supp. 2d 398, 422 (S.D.N.Y. 2005).

Dr. Ghose also did not control for other potential causes of the purported decline in Amazon.com star ratings, which he contends caused Fuse Chicken's lost sales. For example, Dr. Ghose did not consider the impact of the phenomenon he describes in his report whereby, all else equal, ████████████████████████████████. *See* Dkt. 99 (Ghose Exp. Rpt.) ¶¶ 68-71 (█████████████████████████████████████████████████████████ ████████████████████████████" (emphasis added)). Under Dr. Ghose's theory, then, the scores of negative Fuse Chicken product reviews that existed *long before November 1,*

*2016* would cause subsequent reviews to "████████████████████," leaving all else aside.[4]

*Id.*; *see* Barnhart Decl. Ex. E (Tederous Dep. Tr.) 70:10-71:2, 211:13-212:5, 238:24-239:24 (describing pre-November 2016 negative Amazon.com reviews of Fuse Chicken products).

Faced with the fact that his expert report says absolutely nothing about any attempt to exclude the possibility that one of the above factors may have played a role in any decline in Fuse Chicken's ratings or sales, Dr. Ghose claimed that he had "███████████████████████ ████████████████████████████████████████████████████."[5]  Barnhart Decl. Ex. A (Ghose Dep. Tr.) 270:5-8, 276:7-17.  What this means, apparently, is that Dr. Ghose privately concluded—on some basis nowhere explained in his report—that the only explanation for Fuse Chicken's failures that he needed to consider was Fuse Chicken's unsubstantiated hypothesis that a "rash" of inauthentic products for which there is no evidence must have been the sole cause of any Fuse Chicken ratings or sales decline.  But concluding that a self-serving hypothesis is correct without testing for other plausible hypotheses is not reliable analysis; it is flawed, ends-seeking advocacy, and it should not be presented to a jury as "expert" opinion.

*       *       *

---

[4] The only potential alternative cause Dr. Ghose even considers in his report is ███████████ ██████████████████████" which presumably could have led to product quality problems and resulted in negative Amazon.com reviews.  Dkt. 99 (Ghose Exp. Rpt.) ¶ 103.  But Dr. Ghose's only consideration of this potential cause consisted of dismissing it after being "███████████████ █████████████████████████████████████████████████ *Id.*  Taking biased information at face value does not satisfy the scientific rigor that courts require of experts when rejecting alternative hypotheses.  *See CDW LLC v. NETech Corp.*, 906 F. Supp. 2d 815, 826 (S.D. Ind. 2012) (excluding expert testimony based on "conclusory assertions" by company management that the expert "accepted . . . at face value without knowing whether they have any evidentiary support").

[5] Dr. Ghose's report contains a single oblique reference to this purported "████████████████" in its final sentence: "███████████████████████████████████████████████████████████ ████████████████████"  Dkt. 99 (Ghose Exp. Rpt.) ¶ 104.

12

Because there is no support beyond untested *ipse dixit* for Dr. Ghose's opinion that negative Amazon.com ratings of certain Fuse Chicken products caused Fuse Chicken to lose sales of *all* of its products, the Court should strike paragraphs 19-20, 77-89, 104, and Exhibits 2-5 of Dr. Ghose's report and preclude Dr. Ghose from presenting this opinion at trial.

IV.     **CONCLUSION**

For the foregoing reasons, the Court should strike paragraphs 53, 19-20, 77-89, and 104, and Exhibits 1-5, of Dr. Ghose's report; as well as paragraphs 17, 18, 50, 60 and 66, insofar as the opinions expressed in those paragraphs encompass consumers outside of the United States. In addition, the Court should preclude Dr. Ghose from presenting any opinion at trial or at any other stage of these proceedings that (1) Amazon.com reviews influence the purchasing behavior of consumers located outside of the United States; or that (2) negative Amazon.com reviews caused a purported decline in sales of all Fuse Chicken products.

DATED: February 1, 2019                  */s/ Clara J. Shin*
                                         _____
                                         Clara J. Shin (admitted *pro hac vice*)
                                         Nathan E. Shafroth (admitted *pro hac vice*)
                                         Lindsey Barnhart (admitted *pro hac vice*)
                                         David S. Watnick (admitted *pro hac vice*)
                                         COVINGTON & BURLING, LLP

                                         Roger M. Synenberg (#32517)
                                         Clare C. Moran (#81134)
                                         SYNENBERG, COLETTA & MORAN, LLC

                                         *Attorneys for Defendant Amazon.com, Inc.*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of February, 2019, a copy of the foregoing Amazon.com, Inc.'s Motion to Exclude Certain Opinions of Plaintiff's Expert Anindya Ghose and Memorandum of Points and Authorities in Support Thereof, and accompanying declarations and exhibits, was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<em>/s/ Clara J. Shin</em>