IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FUSE CHICKEN LLC, | ) | CASE NO. 5:17CV1538 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| AMAZON.COM, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

This Order addresses the parties' dispute regarding supplemental expert reports of Plaintiff Fuse Chicken's experts David Haas ("Haas") and Anindya Ghose ("Ghose"). Fuse Chicken disclosed the supplemental reports (Docs. 85, 86) to Defendant Amazon after the deadlines for production of expert and rebuttal expert reports set by the Court in its Case Management Plan and Trial Order ("CMPTO") (Doc. 22, as amended on September 12, 2018) and shortly before the close of expert discovery. On January 9, 2019, Amazon filed a L.R. 37.1 Notice of Request for Telephone Conference seeking to strike the supplemental Haas and Ghose reports as untimely and unauthorized. Doc. 85. Fuse Chicken contends that the supplemental reports are authorized under F.R.C.P. 26(e); Amazon disagrees. For the reasons set forth below, the undersigned concludes that the Haas supplemental report is not permitted while the Ghose supplemental report is permitted.

Rule 26(e)(1)(A) provides that, in general, a party's disclosure under Rule 26(a) (including an expert disclosure) must be supplemented or corrected

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.[1]

---

[1] Rule 26(e)(2) provides:

Rule 26(e)(1)(A).

While Rule 26(e) expressly addresses only when supplementation is required, not when it is permitted, it is relevant here and relied on by the parties because Fuse Chicken's supplementation is not contemplated by nor permitted under the CMPTO.  Therefore, in order to be permissible, Fuse Chicken's supplemental reports must meet the standard set forth in Rule 26(e) for mandatory supplementation.

The undersigned discussed this issue with counsel during a phone call on January 14, 2019, and ordered them to further meet and confer on this issue.[2]  Doc. 86.  Counsel advised in their Joint Status Report filed on January 16, 2019, that they had conferred but did not reach agreement.  Doc. 90. Accordingly, the undersigned ordered Fuse Chicken to file Haas's and Ghose's expert reports and supplemental expert reports for an *in camera* review.  *See Order*, 1/24/2019.  The undersigned has reviewed Haas's and Ghose's expert reports and supplemental expert reports.

Rule 26(e) "does not permit parties to file supplemental reports whenever they believe such reports would be 'desirable' or 'necessary' to their case.  Rather, the Rule permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report."  *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. July 14, 2005) (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D.Mont. 1998); *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003)).  "To construe supplementation

---

> ***Expert Witness***. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2).

[2] During the call, the undersigned resolved the parties dispute regarding the report filed by Fuse Chicken's new expert, Knight.  See Doc. 86.

to apply whenever a party wants to bolster or submit additional expert opinions would [w]reak havoc in docket control and amount to unlimited expert opinion preparation." *Wannall v. Honeywell International, Inc*., 292 F.R.D. 26, 35 (D.D.C. 2015) (quoting *Akeva L.L.C. v. Mizuno Corp*., 212 F.R.D. 306, 310 (M.D.N.C. 2002)); *see also Jermano v. Graco Children's Prods*., 2015 WL 1737548, at *4 (E.D.Mich. April 16, 2015).

Haas's supplemental expert report

Haas is Fuse Chicken's damages expert and his initial report dated October 12, 2018 analyzed Fuse Chicken sales data. His supplemental expert report is not permissible under Rule 26(e) because it does not correct inaccuracies in his initial report or add information that was unavailable at the time of his initial report. Haas's supplemental report states that it is submitted in light of additional information reviewed by him since the date of his initial report. Haas identifies the additional information as the reports of three of Amazon's experts, three of Fuse Chicken's experts, and "additional market size and share information for the phone charger market." Doc. 95, p. 3, ¶2. He identifies the additional market size and share information data as that contained in a December 2018 report from Up Market Research entitled "Global Phone Charger Market Report." Doc. 95, p. 5. That report is by the same entity as a report relied on by Haas in his initial report, entitled "Global Phone Charger Market 2013-2023" published in October 2018. Doc. 93, p. 32. Indeed, it appears that the two reports in fact have the same title.[3] Haas's supplement states that, using the December report, he "focused on sales estimates for products manufactured by Belkin, Anker, Native Union, Nomad, and Nonda, all of which are companies that Scott Steinberg, Amazon's 'expert on mobile device accessories,' identified as

---

[3] In his supplemental report Haas identifies the title of the Up Market December 2018 report as "Global Phone Charger Market Report" and cites Exhibit 14.1. Doc. 95, p. 5, ¶8, n.4. Exhibit 14.1 identifies the Up Market December 2018 report as the "Global Phone Charger Market 2013-2023." Doc. 95, p. 18. That is the same title as the October 2018 report relied on by Haas in his initial report.

3

Fuse Chicken's competitors, and whose products were obtained and reviewed by Mr. Steinberg." Doc. 95, p. 5, ¶8.  Haas also states that in his supplemental report he "analyzed unit sales estimates for products manufactured by companies Fuse Chicken identified as competitors," such as Apple, Samsung, Incipio, Nomad, Nonda, Belkin, and Native Union.  Doc. 95, p. 5, ¶8.

Haas does not show that the information he relied upon in his supplemental report was unavailable at the time of his initial report.  First, although he suggests that the December 2018 "Global Phone Charger Market 2013-2023" report contains new information he relied on to supplement his initial report, he does not identify the purportedly new information in the December report that was not in the October report.  Importantly, he does not state that the October 2018 "Global Phone Charger Market 2013-2023" report lacked information for the eight brands he discusses in his supplemental report (Apple, Samsung, Incipio, Belkin, Anker, Native Union, Nomad, and Nonda).

Furthermore, Haas admits that his supplemental report includes sales estimates from the companies Belkin, Anker, Native Union, Nomad, and Nonda because an Amazon expert identified these companies as Fuse Chicken's competitors in his expert rebuttal report.  The fact that Amazon's rebuttal expert identified these companies and discussed their products does not mean that information regarding these companies was unavailable to Haas at the time of his initial report.  In fact, in July and August 2018, Fuse Chicken itself identified its competitors as Apple, Samsung, Incipio, Nomad, Nonda, Belkin, and Native Union during the depositions of its representatives Fawcett, Siegl, and Marshall.  See Doc. 95, p. 5, n.7.  And Haas relied on the depositions of Fawcett, Siegl, and Marshall when drafting his initial report in October 2018.  Doc. 93, p. 6.  Thus, knowledge about or information regarding the companies Fuse Chicken itself identified as competitors was available and relied upon by Haas when he drafted his initial report in October 2018.  Doc. 93, p. 6.  The fact that Haas apparently decided not to include

4

information about these companies in his initial report is not a basis for submitting a supplemental report. *See Minebea Co.*, 231 F.R.D. at 6 (Rule 26(e) "does not permit parties to file supplemental reports whenever they believe such reports would be 'desirable' or 'necessary' to their case" but "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report.").

Haas's supplemental report is not permitted under Rule 26(e) or under the CMPTO.

Ghose's supplemental expert report

Ghose is Fuse Chicken's expert regarding the impact that online customer reviews had on the sale of Fuse Chicken products. His supplemental expert report is permissible under Rule 26(e) because it corrects an inaccuracy in his initial report.

In Ghose's initial report he relied in part on Fuse Chicken sales data compiled by Haas. Doc. 92, p. 35, n. 154; 94, p. 3, ¶7. Ghose states in his supplemental report that he did not realize that, when Haas analyzed the sales data, he excluded sales from Saudi Arabia and sales with a unit price of one dollar, and used different date values (sales date v. invoice date). Doc. 94, pp. 2-3, ¶¶ 5-8. With respect to Saudi Arabian sales, this resulted in an "inadvertent omission of later sales in Saudi Arabia." Doc. 94, p. 3, ¶5. In his supplemental report, Ghose adopted Haas's method for analyzing Fuse Chicken's sales and listed the resulting changes in 12 items in his initial report. Doc. 94, p. 4, ¶¶9-21 (e.g., "¶19, line 3: change "five of the six" to "four of the six.").

Ghose's supplemental report is permitted under Rule 26(e) because it corrects an error or inaccuracy in his initial report. *See Minebea Co.*, 231 F.R.D. at 8 (permitting a supplemental report when the original was based on inaccurate information in another report).

5

In sum, the undersigned finds that, under Rule 26(e), the supplemental expert report of Haas is not permitted but the supplemental report of Ghose is permitted.

IT IS SO ORDERED.

Dated: February 13, 2019          */s/ Kathleen B. Burke*
                                  Kathleen B. Burke
                                  United States Magistrate Judge